UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Brian Jenkins, | |
| Plaintiff, | |
| v. | Case No. 2:12-CV-116 JVB |
| United Steel Autoworkers Local 1014 and International Union, | |
| Defendants. | |

**OPINION AND ORDER**

In this lawsuit Plaintiff alleges that Defendants failed in their duty of fair representation, which eventually led to Plaintiff's dismissal from employment and inability to arbitrate his grievance. According to Plaintiff, Defendants failed to adequately represent him during the signing of a "Last Chance Agreement" with his employer. Plaintiff contends the agreement was unsatisfactory, ambiguous, and prevented him from seeking arbitration after his dismissal. Finally, Plaintiff maintains the Defendants again breached their duty of fair representation when he was terminated for violating the Last Chance Agreement.

Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants argue dismissal is appropriate for three reasons: (1) the six-month statute of limitations for claims under the Labor Management Relations Act has lapsed; (2) Plaintiff's Complaint fails because it does not allege that his employer breached the collective bargaining agreement; and Plaintiff has failed to state a claim that goes beyond a mere recital of the elements of a cause of action as required by Federal Rule of Civil Procedure 12(b)(6).

Plaintiff counters that Defendants miscalculated the statute of limitations and that he is not required to allege a breach of the collective bargaining agreement to claim Defendants breached their duty of fair representation. Finally, Plaintiff maintains that the Complaint contains the specificity required under the Federal Rules of Civil Procedure.

### A.    Standard for Evaluating a Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Challenger v. Ironworkers Local No. 1*, 619 F.2d 645, 649 (7th Cir. 1980). In assessing the propriety of dismissal under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true and in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).

A complaint is not required to contain detailed factual allegations, and a plaintiff's claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007). The Court is not required to accept the plaintiff's legal conclusions. Pursuant to Rule 8(a)(2), a plaintiff must provide a ground to his entitlement to relief, which requires more than labels and conclusions. *Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998). Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jefferson v. Ambroz*, 90 F.3d 1291, 1296–97 (7th Cir. 1996).

The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). However, if a plaintiff's complaint shows that the suit is time-barred or otherwise without merit, he has pleaded himself out of court. *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). Accordingly, if a defendant correctly alleges that a suit is time-barred, and moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it is entitled to the requested relief. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

**B.     Background**

Plaintiff, during the time period of the controversy, was employed by United Steel and represented by Defendants for collective bargaining purposes. (DE 1, Compl. at 1.) Defendants were responsible for representing Plaintiff in all labor issues or conflicts between him and his employer. (*Id.*) Plaintiff encountered a work-related issue that resulted in a grievance hearing where Defendants represented him. (*Id.*) The hearing was held on May 14, 2010, and resulted in Plaintiff signing a "Last Chance Agreement" to retain his position with United Steel without resorting to arbitration. (*Id.* at 2.) If Plaintiff had not signed this agreement, he would have been terminated and would have had to resort to arbitration with his employer in an effort to save his job. (*Id.*)

Plaintiff signed the agreement in the presence of his union representative. (DE 1, Compl. at 2-3.) Plaintiff maintains that his union representative failed to properly represent him during this hearing because the Last Chance Agreement was "clearly unreasonable, ambiguous, and designed to allow interpretation by the drafter." (DE 1, Compl. at 2.) Plaintiff maintains that Defendants breached their duty of fair representation not only during the May 14, 2010 hearing,

3

but also in June 2011, when Plaintiff was terminated by his employer. (DE 10, Pl.'s Resp. at 4.) Plaintiff contends that at the time he was terminated, he sought and did not receive adequate representation from his union representative. (*Id*.) This sequence of events led to Plaintiff's filing his Complaint on February 27, 2012, in Lake County Circuit Court. (DE 1, Compl. at 1.)

Defendants removed Plaintiff's suit to this Court and moved to dismiss it pursuant to Federal Rule of Procedure 12(b)(6).[1] Defendants contend that the six-month statute of limitations for claims under the Labor Management Relations Act has lapsed. Additionally, Defendants maintain that Plaintiff's Complaint fails because it does not allege that his employer breached the collective bargaining agreement. Defendants contend that, whether a Plaintiff brings suit against his union, former employer, or both, "in order to recover from either of them, he must prove that his union breached its fiduciary obligation and that his employer breached the collective bargaining agreement." *Bell v. DaimlerChrysler Corp*., 547 F.3d 796, 804 (7th Cir. 2008) (quoting *DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 165 (U.S. 1983)).   Finally, Defendants argue that Plaintiff has failed to state a claim that goes beyond a mere recitation of the elements of a cause of action as required by Federal Rule of Civil Procedure 12(b)(6).

Plaintiff challenges each ground of Defendant's Motion to Dismiss. First, Plaintiff responds that Defendants should have measured the time of breach from Plaintiff's termination date, June 2011, as opposed from the signing of the Last Chance Agreement on May 14, 2010. (DE 10, Pl.'s Resp. at 4.) Plaintiff also contends that *Delcostello* is not controlling because it is distinguishable from the present case. (*Id*. at 5.) Finally, Plaintiff maintains that he has provided

---

[1] Defendants contend that this Court has jurisdiction pursuant to 29 U.S.C. § 185 (2012): "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. Defendants are correct that this statute establishes this Court's jurisdiction."

4

more than a formulaic restatement of the elements of a breach of the duty of fair representation in his Complaint and his suit should not be dismissed.

The Court finds that the statute of limitations is controlling in this case. Because of this, the Court will only address the statute of limitations issue.

**C.     Analysis**

In its motion to dismiss, Defendants argue that Plaintiff's duty of fair representation claim is time-barred by the six-month statute of limitations outlined in § 10(b) of the National Labor Relations Act.[2] Defendant is correct. Section 10(b) applies to an unfair labor practice claim against an employer or against a labor union. *See DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 155 (U.S. 1983) (finding that "§ 10(b) should be the applicable statute of limitations governing the suit, both against the employer and against the union").

Plaintiff counters that § 10(b) does not govern because *DelCostello* is distinguishable from his claim. In *DelCostello*, the plaintiff sued his employer for violating a collective bargaining agreement and his union representative for breaching the duty of fair representation.[3] *Delcostello*, 462 U.S. at 151–152. Here, the Plaintiff has only brought suit against his union representatives for breaching their duty of fair representation.

Plaintiff's argument is without merit. There is no difference in how individuals or hybrid claims brought pursuant to the National Labor Relations Act are to be treated: "[w]hether the plaintiff has sued his employer, his union, or both, in order to recover from either of them he

---

[2] Section 10(b) of the National Labor Relations Act, is also known as 29 U.S.C. § 160(b) (2012), and states, in relevant part, "[t]hat no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge."
[3] When an employee brings suit against an employer for breach of a collective bargaining agreement and a union for breach of its duty of fair representation, it is referred to as a "hybrid" suit. *Pulliam v. UAW*, 354 F. Supp. 2d 868, 871 (W.D. Wis. 2005).

must prove that his union breached its fiduciary obligation and that his employer breached the collective bargaining agreement." *Id*. at 165.

The Court, therefore, must apply the six-month statute of limitations outlined in § 10(b). Defendants argue that the alleged breach of fair representation occurred on May 14, 2010 (DE 8, Mot. To Dismiss at 3), more than twenty-one months before Plaintiff filed his suit in state court. Plaintiff contends that the actual breach took place in June 2011, thereby reducing the time between breach and the filing of this claim to nine months. (DE 10, Pl.'s Resp. at 4.) Even so, this period of time exceeds the statute of limitations prescribed by § 10(b) of the National Labor Relations Act.

Plaintiff also contends that his case is not time-barred because of a letter dated September 8, 2012, from one of the Defendants, United Steelworkers Union, to Plaintiff. (DE 10, Pl.'s Resp. at 5-6.) The letter from the Union again denied Plaintiff's grievance and informed him that it would take no more action on his behalf. (DE 10-1, Ex. A at 1.) This is the same message Plaintiff received from his union representative when he was terminated by United States Steel in June 2011. (DE 1, Compl. ¶ 7.) The statute of limitations on Plaintiff's claim began to run from the time he discovered, or reasonably should have discovered, that Defendants would not take further action on his grievance or seek arbitration. *Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 505 (7th Cir. 1999). Accordingly, the statute of limitations on Plaintiff's claim began to run in June 2011 when his union representative informed him that no more action would be taken on his behalf. Defendants' restating their position in September does not change the notice provided to Plaintiff in June 2011. Therefore, Plaintiff's claim is time-barred.

**D.      Conclusion**

For these reasons, the Court grants Defendants' Motion for Dismissal (DE 7).

SO ORDERED on December 27, 2012.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE